IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SANDRA DATTOLI,

*Plaintiff*,

v.

SAFEWAY INC.,

*Defendant*

Civil Action No. ABA-20-561

## MEMORANDUM OPINION

This lawsuit arises out of an accident at a Safeway grocery store in Bel Air, Maryland on May 1, 2017. Complaint, ECF No. 1 ("Compl."). Plaintiff claims to have fallen and sustained serious injuries after slipping on water that Defendant, the operator of the grocery store, allegedly neglected to prevent, or remove, or warn its customers about. *Id*. ¶¶ 2, 8, 9. Currently pending is Defendant Safeway Inc.'s motion *in limine* requesting exclusion of (1) photographs of the store taken a few weeks after the accident; (2) pre-accident photographs of Plaintiff, Sandra Dattoli; (3) late-produced medical records; (4) evidence of eye/vision and jaw/mouth injuries; and (5) evidence related to Plaintiff's Social Security Disability award. ECF No. 79 ("Mot."). The Court held a motion hearing on September 27, 2023. For the reasons stated below, Defendant's motion *in limine* is GRANTED IN PART and DENIED IN PART.

I.     **DISCUSSION**

A.     **Photographs of the Accident Scene**

Safeway objects to the admission of photographs of the store taken by Plaintiff's witness a number of weeks after the accident happened. Mot. at 3-4. These photographs (attached to Safeway's motion as Exhibit 1) depict where Ms. Dattoli fell, apparent spills or leaks on the floor throughout the store, as well as warning cones and devices designed to absorb moisture. Safeway

offers two arguments for exclusion.

First, Safeway argues the photographs are "irrelevant to this action and prejudicial to Safeway since they were taken well after the alleged accident; they do not show the area of the alleged accident as it appeared at the time of the alleged accident." Mot. at 4. The Court construes this argument to seek exclusion under Federal Rules of Evidence 401 and 403. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Here, the photographs are relevant because they visually illustrate the store where Plaintiff fell, and conditions that she claims were present on the day of the accident. As to Safeway's contention that the photographs should be excluded under Rule 403 on grounds of prejudice or confusion, *see* Mot. at 4, Safeway has not shown that such alleged grounds "substantially outweigh[]" the probative value of the photographs; Safeway's contentions go to the evidentiary weight, not the admissibility, of these photographs. Whether these images accurately reflect the conditions at the store at the time of the accident is an issue for trial.

Second, Safeway argues that because some of the photographs show yellow warning cones, and other safety measures, the photographs should be excluded under Federal Rule of Evidence 407, under which "subsequent measures" that were taken that "would have made an earlier injury or harm less likely to occur" are not admissible to prove "negligence; culpable conduct; a defect in a product or its design; or a need for a warning or instruction." Fed. R. Evid. 407. That rule aims to "encourag[e] defendants to repair and improve their products and premises without the fear that such actions will be used later against them in a lawsuit." *Werner v. Upjohn Co.*, 628 F.2d 848, 855 (4th Cir. 1980). But Safeway itself contends that there *were* cones and/or absorbent devices in place at the time of Ms. Dattoli's fall; Safeway affirmatively argues that "the use of warning cones or absorbent devises *do not represent a change* in Safeway's conduct." ECF

No. 83 at 1 (emphasis added). Because Safeway has not shown that the photographs show *subsequent* remedial measures, the Court denies Safeway's request to exclude the photographs under Rule 407.

For these reasons, the motion to exclude the photographs of the store that Safeway has moved to exclude (Mot. Ex. 1) is denied. If at trial evidence develops suggesting that revisiting this ruling is warranted, such objection, if raised, will be considered at such time.

### B.      Photographs of Plaintiff before the accident

Safeway next requests an order excluding certain photographs of Ms. Dattoli taken before the accident. These photographs of Ms. Dattoli at work and posing with co-workers are from years before her alleged fall and injuries. (Mot. Ex. 7). Safeway argues that the passage of time between when those photographs were taken, and the accident, renders the photographs prejudicial and irrelevant. Mot. at 4. Ms. Dattoli counters that the photographs are relevant as they support her claim for noneconomic damages and loss of earning capacity. She contends the photographs establish that she was once "able-bodied and happy, doing the work that she is no longer able to do as a result of her fall." ECF No. 82 at 4. Ms. Dattoli's pre-accident condition, and ability to work, are relevant to those claims. Safeway's request to exclude the photographs in their entirety, Mot. at 4, is denied. At trial, if Plaintiff's presentation of such evidence becomes unduly confusing, or otherwise creates a danger of undue delay, wasting time, or needlessly cumulative evidence, *see* Fed. R. Evid 403, such objections will be considered at such time.

### C.      Evidence of Plaintiff's medical care received after the close of discovery

Safeway contends that after the discovery deadline expired, Plaintiff produced voluminous medical records of additional alleged accident-related treatment, including with previously undisclosed medical providers. The late and withheld medical evidence, Defendant argues,

deprived it of adequate opportunity to prepare for trial, including for its expert(s) to review the medical records in advance of their trial testimony. Plaintiff concedes "that she did not continuously update the medical record disclosure during the pendency of this litigation." ECF No. 82 at 7. But she argues that exclusion would be a "drastic sanction in these circumstances, unwarranted by the facts." *Id*.

Where a party "has made a disclosure under Rule 26(a)" or "has responded to an interrogatory, request for production, or request for admission," the party must "supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A). And where "a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

Plaintiff has not shown that the failure to supplement its medical records productions was substantially justified. With the parties having agreed to postpone the trial, however, the Court concludes that the late production is harmless. Given a new trial date and scheduling order, Defendant has sufficient time to review the contested medical records and prepare a defense. Therefore, Safeway's motion to exclude the late-produced evidence, which the Court construes as having been made pursuant to Rule 37(c), is denied.

### D. Evidence of alleged mouth/jaw and eye/vision injuries

Safeway next seeks to preclude Ms. Dattoli from offering evidence of alleged vision disturbances, convergence disorder, chronic temporomandibular joint problems, and dental injury due to dry mouth. *See* Mot. at 6-7. Safeway argues (1) these injuries lack any connection to the accident because they did not arise until well after the accident, and (2) admissibility would

require expert testimony establishing that those injuries were caused by her fall on May 1, 2017.

Plaintiff concedes that she has no expert evidence to establish that her alleged dry mouth symptoms were caused by the May 2017 fall but insists that the objections to her other contested injuries are "overbroad and without support." ECF No. 82 at 9. Plaintiff asserts that when she fell at the Safeway, she struck her head and immediately reported having headaches and face, mouth, and jaw discomfort. Plaintiff also maintains that she complained of vertigo and blurred vision within days of the accident. Plaintiff insists that she should be permitted to discuss these subjective symptoms without expert testimony about causation while testifying about her injuries "to the exact same region." *Id.*

"Because this is a diversity case, the 'general rule' is that federal courts apply state substantive law and federal procedural law." *In re C.R. Bard, Inc.*, MDL. No. 2187, *Pelvic Repair Sys. Prod. Liab. Litig.*, 810 F.3d 913, 919 n.1 (4th Cir. 2016). "As procedural rules, the Federal Rules of Evidence control over conflicting state evidentiary rules in diversity cases"; "[o]nly where a state evidentiary rule is 'bound-up' with substantive state policy will it control over the federal rule." *Id.* (quoting *Hottle v. Beech Aircraft Corp.*, 47 F.3d 106, 110 (4th Cir. 1995)). *See also Hottle*, 47 F.3d at 110 ("[A]though the Federal Rules of Evidence typically govern in diversity cases, 'there are circumstances in which a question of admissibility of evidence is so intertwined with a state substantive rule that the state rule . . . will be followed in order to give full effect to the state's substantive policy.'") (quoting *DiAntonio v. Northampton–Accomack Memorial Hosp.*, 628 F.2d 287, 291 (4th Cir. 1980)).

Under both federal and Maryland law, a party seeking to prove that a given injury was caused by a defendant's alleged negligence must generally offer expert testimony to establish such causation. Under Maryland law, a plaintiff may only be excused from the expert-evidence-of-causation requirement where (1) "a disability develops coincidentally with," or within a

"reasonable time after," the subject act, (2) proof of causation is "clearly apparent" from the nature and circumstances of the injury, or (3) "the cause of the injury relates to matters of common experience, knowledge, or observation of laymen." *Wilhelm v. State Traffic Safety Comm'n*, 230 Md. 91, 99, 185 A.2d 715, 719 (Md. 1962). *See also Neal v. United States*, 599 F. Supp. 3d 270, 292-94 (D. Md. 2022) (discussing relevant standards under Maryland law); *Osunde v. Lewis*, 281 F.R.D. 250, 263 (D. Md. 2012) (same). A similar standard pertains under the Federal Rules of Evidence. Fed. R. Evid. 701 ("If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.").

Plaintiff has not identified any expert to testify that any of these mouth/jaw and vision/eye conditions at issue were caused by the May 2017 fall, and does not suggest that she should be permitted to amend her expert disclosures to identify additional experts. And but for evidence of causation, the Court does not at present see how evidence of these medical conditions satisfy the threshold relevance requirement of Rule 401. But the Court does not, at this time, decide either (a) whether the Maryland or federal standards apply to the question of whether Plaintiff may testify about injuries or conditions as to which she lacks expert evidence that those injuries or conditions were caused by the May 2017 fall, or (b) whether Plaintiff has shown under either standard that she is entitled to offer her (lay) testimony on those subjects. The parties have not addressed these questions. The parties must meet and confer regarding these issues. If any disputes remain as to admissibility or the scope of admissible evidence, including Ms. Dattoli's testimony, as to any of the injuries or conditions she contends were caused, directly or indirectly, by the May 2017 fall, the parties must propose a briefing schedule such that the briefing is

complete at least two weeks before the pretrial conference.

### E.   Evidence of Plaintiff's Disability Award

In 2018, the Social Security Administration ("SSA") awarded Plaintiff disability benefits for her accident-related injuries. Safeway has moved to exclude evidence of the SSA award itself. Mot. at 6. Plaintiff concedes that the award is inadmissible under the collateral source rule. ECF No. 82 at 7. Accordingly, the motion to exclude the SSA award itself—as opposed to other documents in the SSA administrative record—is unopposed and thus granted.

But Plaintiff also seeks clarification that "the underlying medical records and application documents supporting the award are admissible" as well as "statements made by the Plaintiff regarding her injuries and their effects on her, as they related to her mental and physical abilities to live and work." *Id.* at 7-8. Insofar as either party intends to object to the admissibility of particular medical records or otherwise, whether they exist as part of the SSA administrative record or otherwise, such objections should be tied to particular documents, and noted on the parties' exhibit list(s), to be submitted in advance of the pretrial conference. And insofar as Safeway may object to admissibility of particular prior out-of-court statements by Plaintiff, offered by Plaintiff, including such statements of Plaintiff reflected in the SSA administrative record, such objections will presumably (depending on the context) be governed by Federal Rule of Evidence 801(d)(1)(B), but in any event will be addressed at trial.

## II.   CONCLUSION

Based on the foregoing, Defendant's motion is GRANTED as to the SSA award and DENIED as to the photographs of the store and of Ms. Dattoli. As to the recently produced medical records, without condoning Plaintiff's failure to timely supplement, the motion is DENIED in light of the postponement of the trial date and insofar as the basis for Safeway's motion to exclude was late production. As to any other basis for objecting to admission of such records, such objections are

reserved. As to the alleged eye/vision and jaw/mouth injuries, the admissibility of such evidence, including testimony, will be addressed as noted above.

The trial has been reset to begin August 8, 2024, with the pretrial conference set March 26, 2024 at 10:00 a.m. In addition, by Friday, November 3, 2023, the parties are directed to submit a joint proposed schedule going forward with deadlines for the exchange and submission of exhibit lists (with any objections identified on an exhibit-by-exhibit basis, with the basis for such objections stated thereon), deposition designations (including any objections thereto), voir dire, jury instructions, and verdict form(s). All requirements set forth in the Court's February 13, 2023 trial scheduling order (ECF No. 73) also remain in full effect. The parties are also encouraged to meet and confer regarding potential stipulations that may expedite the presentation of evidence at trial.

An appropriate order follows.


Date: October 16, 2023                              /s/ Adam Abelson
                                                    Adam B. Abelson
                                                    United States Magistrate Judge